[No. 46033. En Banc. December 4, 1980.]

THE STATE OF WASHINGTON, *Appellant,* v. TRYG JON FORTUN, *Respondent.*

*Russ Juckett, Prosecuting Attorney,* and *John E. Oswald* and *Asa D. Glazer, Deputies,* for appellant.

*Timothy K. Ford,* for respondent.

PER CURIAM.—The State appealed from an order of the trial court suppressing evidence and from a separate order dismissing the criminal charge against defendant Tryg Jon Fortun. Defendant, respondent herein, moved to dismiss the appeal asserting the State's absolute failure to assign error to the trial court's order dismissing the criminal charge. We grant respondent's motion to dismiss the appeal and thus do not reach the merits of the case.

Respondent was charged criminally with possession of a controlled substance. He moved the trial court for an order to suppress all physical evidence asserting it had been obtained in violation of his rights under the fourth amendment to the United States Constitution. Following a lengthy hearing the trial judge granted respondent's motion. Thereafter, the State presented the trial court with a proposed pretrial order of suppression and submitted an affidavit which stated that because of the suppression order the State could not prove its case. The proposed pretrial suppression order was signed by the trial judge.

For reasons unknown to this court, and which the State has never explained, a deputy prosecuting attorney also gratuitously presented the trial court with a proposed order dismissing the criminal charge against respondent.[1] This order incorporated an express finding that the practical effect of the suppression order was to terminate the case. The trial judge signed the separate order of dismissal as well. As provided in RAP 2.2(b)(1) the State thereby obtained a right to appeal the order of dismissal. At that point the State was immediately enabled to appeal the suppression order as well. RAP 2.2(b)(2).

The State gave notice of appeal from both the pretrial order suppressing evidence and from the separate order

---

[1]It should be noted that the deputy prosecuting attorney handling the case before this court on appeal did not try the case in the trial court.

dismissing the charge against respondent. However, for some reason the State later abandoned the appeal of the basic order dismissing the charge.

■ RAP 10.3(a)(3) requires an appellant's brief to contain a concise statement of each asserted trial court error, together with the issues pertaining to the assignments of error. In addition, RAP 10.3(a)(5) requires argument in support of the issues presented for review, together with citations to legal authority. In appealing the trial court's pretrial order of suppression under RAP 2.2(b)(2) the State complied with RAP 10.3(a)(3) and (5). It did not, however, assign error to or argue the more basic and underlying order which dismissed the charge against respondent.

We have held consistently that we will not consider matters to which no error has been assigned. *Transamerica Ins. Group v. United Pac. Ins. Co.*, 92 Wn.2d 21, 28, 593 P.2d 156 (1979); *Schneider v. Forcier*, 67 Wn.2d 161, 165, 406 P.2d 935 (1965); *State v. Tanzymore*, 54 Wn.2d 290, 292, 340 P.2d 178 (1959). We have been equally unwilling to consider issues which are not supported by argument or citation of authority unless they are well taken on their face. *Griffin v. Department of Social & Health Servs.*, 91 Wn.2d 616, 630, 590 P.2d 816 (1979); *State v. Kroll*, 87 Wn.2d 829, 838, 558 P.2d 173 (1976). Consequently, because of the State's failure to assign error to the order dismissing charges against respondent and because of its failure to argue or supply citations on the subject, the order of dismissal stands unchallenged.

The State asserts that despite its failure to challenge the basic order of dismissal it should be permitted to argue the merits of the pretrial suppression order. We do not agree.

■ Assuming, without deciding, that the State might prevail on the suppression issue, it would gain nothing. If all the relief requested in the State's brief were granted, the dismissal order would remain unchanged and the case below would still be at an end. In short, the unchallenged and overriding basic order dismissing the entire charge against respondent would still prevail. With the underlying

case itself having been dismissed, without assignment of error, fundamental common sense compels us to conclude there remains no existing charge to which a possible reversal of a pretrial order could apply.

Assignment of error to the pretrial suppression order and the argument of that issue does not bring before us, even indirectly, the entirely separate issue of whether the order of dismissal was properly granted. Although in this case the two orders may have stemmed from similar circumstances, the consequences of each are different. The pretrial suppression order simply excluded evidence; as a result the State was left with little upon which to base its case. The order dismissing the charge against the respondent did much more, however. By dismissing the underlying criminal charge the case itself was obliterated leaving nothing further for this court to consider but an abstract question of law pertaining to a nonexistent case. We have consistently and logically refused to act in such cases.

The motion to dismiss the appeal is granted.

Reconsideration denied December 24, 1980.