[No. C.D. 9604.   En Banc.   April 8, 1982.]

*In the Matter of the Disciplinary Proceeding Against* TRYG JON FORTUN, *an Attorney at Law.*

*Robert T. Farrell,* for Bar Association.

*Anthony Savage,* for respondent.

BRACHTENBACH, C.J.—Tryg Jon Fortun was admitted to the practice of law in May 1976. He has never actively practiced.

The Bar Association filed a complaint against Fortun based upon facts hereafter discussed. The hearing panel officer recommended disbarment. The Disciplinary Board adopted the findings, conclusions, and recommendation of the hearing panel officer.

In early May 1976, Fortun negotiated the purchase of farm property near Stanwood, Snohomish County. In September 1976, sheriff's deputies discovered an extensive field of marijuana plants growing in a field, the perimeters of which were planted with corn. It was estimated that there were approximately 25,000 pounds of marijuana plants in the field.

The criminal charge against Fortun was before this court in *State v. Fortun,* 94 Wn.2d 754, 626 P.2d 504 (1980). That case resulted in the suppression of the evidence seized by the sheriff. At the disciplinary hearing the suppressed evidence was admitted over respondent's objections. Fortun did not, however, file a brief or objections with this court. Consequently, he has waived his objections and the suppression issue is not properly before this court. *See In re Kerr,* 86 Wn.2d 655, 548 P.2d 297 (1976).

The hearing panel officer found from the suppressed evidence and other untainted sources, that Fortun was in fact growing and processing illegal marijuana. The hearing panel officer and the Disciplinary Board concluded that Fortun had violated (1) DRA 1.1(a), the commission of an act involving moral turpitude, (2) DRA 1.1(c), violation of an attorney's oath, (3) DRA 1.1(i), violation of the Code of Professional Responsibility and (4) DRA 1.1(k), conduct demonstrating an unfitness to practice law. We concur.

■ Our discipline rules provide that the commission of any act involving moral turpitude is a violation and, if the act constitutes a crime, conviction is not a condition precedent to disciplinary action. DRA 1.1(a). It is obvious that the growing of tons of marijuana and possession of processing equipment violates various sections of RCW 69.50.

It is equally clear that such a gross and intentional violation of the law constitutes moral turpitude as defined in *In re Hopkins,* 54 Wash. 569, 572, 103 P. 805 (1909).

Thus, Fortun has conclusively demonstrated his unfitness to practice law.

Respondent Tryg Jon Fortun is disbarred and his name stricken from the roll of attorneys in this state. Costs of $727.10, to which no objection has been made, are hereby assessed.

ROSELLINI, STAFFORD, UTTER, DOLLIVER, WILLIAMS, DORE, DIMMICK, and PEARSON, JJ., concur.

Reconsideration denied March 4, 1983.