[No. 29462-8-I.   Division One.   June 8, 1992.]

KING COUNTY, *Respondent,* v. JACK WILLIAMSON, ET AL, *Appellants.*

*Jack Williamson* and *Dan Gahn*, pro se.

*Norm Maleng, Prosecuting Attorney,* and *Kristofer J. Bundy, Deputy,* for respondent.

PER CURIAM. — Respondent King County filed a motion to dismiss this appeal on the ground that the notice of appeal was untimely. We deny the motion to dismiss.

## FACTS

In January 1990, King County brought the instant enforcement action seeking a permanent injunction compelling appellants' compliance with a prior notice and order, and a judgment in the amount of $16,700 for civil penalties. King County subsequently moved for summary judgment on its complaint and appellants' counterclaim, and on August 21, 1991, the trial court entered a judgment granting the motion. On September 3, 1991, appellants filed a motion for reconsideration. On October 10, 1991, the trial court denied the motion for reconsideration on the ground that it was untimely under King County Local Rule 56. On October 29, 1991, appellants filed a notice of appeal in this court. King County subsequently moved to dismiss the appeal as untimely.

## DECISION

King County contends appellants' notice of appeal was untimely, and therefore this court is without jurisdiction to hear the appeal. A notice of appeal must be filed within 30 days of the decision which the party filing the notice wants reviewed, or within 30 days of the entry of an order deciding a *timely* motion for reconsideration. RAP 5.2(a), (e); *Griffin v. Draper*, 32 Wn. App. 611, 613, 649 P.2d 123 (an untimely motion for reconsideration has no effect on the commencement of time for filing an appeal), *review denied*, 98 Wn.2d 1004 (1982). Because the decision which appellants want reviewed was filed on August 21, 1991, and the notice of appeal was not filed until October 29, 1991, the notice was clearly not filed within 30 days of the date of the decision appellants want reviewed and was thus untimely

under RAP 5.2(a)(1). Nevertheless, the notice of appeal was still timely under RAP 5.2(e) if it was filed within 30 days of a timely motion for reconsideration.

Two court rules potentially apply to the question of whether appellants' motion for reconsideration was timely filed. Under CR 59(b), "[a] motion for . . . reconsideration shall be served and filed not later than 10 days after the entry of the judgment." On the other hand, King County Local Rule 56(c)(1)(G)(i) — which relates only to summary judgment procedures — states that "[m]otions for reconsideration . . . must be filed and served . . . with [*sic*] five (5) court days of the Court's oral decision." The parties agree that the motion for reconsideration was filed within 10 days of the trial court's written decision on summary judgment, and was thus timely filed under CR 59(b).[1] There is also no dispute that the motion was untimely under the shorter time limit provided in the local rule. The dispute concerns whether the local rule conflicts with CR 59.

■ Appellants contend that the local rule conflicts with CR 59 and thus must be ignored under CR 83(a), which allows the superior court to enact local rules "not inconsistent" with the Superior Court Civil Rules. In general, court rules are "inconsistent" only when they are "so antithetical that it is impossible as a matter of law that they can both be effective." *Heaney v. Seattle Mun. Court*, 35 Wn. App. 150, 155, 665 P.2d 918 (1983), *review denied*, 101 Wn.2d 1004 (1984); *Hessler Constr. Co. v. Looney*, 52 Wn. App. 110, 112, 757 P.2d 988, *review denied*, 111 Wn.2d 1029 (1988); *State v. Chavez*, 111 Wn.2d 548, 555, 761 P.2d 607 (1988).

---

[1] In its motion to dismiss, King County argued that the motion for reconsideration was untimely under the 10-day time limit in CR 59(b). King County argued that since appellants' motion for reconsideration was filed 13 days after the entry of summary judgment, it violated the 10-day limit. Appellants correctly pointed out in their response, however, that the motion was actually filed on the 10th day following judgment because the 10th day fell on a Saturday preceding a Monday holiday, and therefore, under CR 6(a), the 10th day fell on the following Tuesday — the day appellants filed their motion. King County subsequently conceded in its reply brief that the motion was timely under CR 59(b). Significantly, the trial court did not find the motion untimely under CR 59, but rather found the motion untimely under the King County Local Rule.

The ultimate test is whether the two rules can be reconciled and both given effect. *Seattle v. Marshall*, 54 Wn. App. 829, 833, 776 P.2d 174 (1989).

CR 59(b) states that a motion for reconsideration must be filed "not later than" 10 days after the entry of judgment. King County argues that a local rule limiting the filing time to less than 10 days does not conflict with CR 59(b) because the latter rule merely sets a maximum limit of 10 days, and contains no language granting parties 10 days in every case or prohibiting courts from imposing shorter time limits for filing. Several cases persuade us, however, that CR 59(b) does more than establish a maximum time limit, and that the local rule at issue here conflicts with CR 59(b).

In *In re Marriage of Lemon*, 118 Wn.2d 422, 823 P.2d 1100 (1992) and *Harbor Enters. v. Gudjonsson*, 116 Wn.2d 283, 803 P.2d 798 (1991), the Supreme Court held that local rules requiring filing of an affidavit of prejudice immediately after assignment to a judge conflicted with former RCW 4.12.050, which requires that the affidavit be filed "before the judge presiding has made any order or ruling involving discretion". In so holding, the court stated in *Gudjonsson*, at 293:

> We have held that local rules must not be inconsistent with rules adopted by this court. . . . The same principle negates a local rule which conflicts with a statute. The statute grants a valuable right to a litigant; a local rule *cannot restrict the exercise of that right by imposing a time requirement different from the statute.*

(Citation omitted. Italics ours.) Like CR 59, the statute at issue in the Supreme Court cases could be characterized as merely creating a maximum time limit for filing (*i.e.*, the affidavit of prejudice can be filed no later than just prior to the first discretionary decision of the judge). Nevertheless, the Supreme Court held that the time for filing under that statute was a "valuable right" that could not be restricted by the local rule. We think that CR 59(b) also creates a "valuable right" to file a motion for reconsideration within 10 days of a judgment, and that the local rule at issue in this case restricts, and thus conflicts with, that right.

Of similar import is this court's decision in *Stork v. International Bazaar, Inc.*, 54 Wn. App. 274, 774 P.2d 22 (1989). In that case, the trial judge had a "personal rule" for post-trial motions in his court which required that a motion for reconsideration be filed "within 15 days after the written or oral decision." *Stork*, at 288. A motion for reconsideration was filed after the 15-day period had expired,[2] but the trial court nevertheless considered the motion. On appeal, the plaintiff argued that the motion for reconsideration was untimely under the trial court's 15-day rule and should not have been considered. The *Stork* court held that the trial court's rule requiring filing within 15 days of the oral or written decision was inconsistent with CR 59(b), which, as noted above, allows a motion for reconsideration to be filed within 10 days *after entry of the judgment. Stork*, at 288-89. The court concluded that the motion for reconsideration was timely under CR 59(b) because no judgment had yet been entered when the motion for reconsideration was filed. *Stork*, at 289. Thus, *Stork* stands for the proposition that a local rule which has the effect of shortening the time for filing a motion for reconsideration under CR 59(b) is inconsistent with CR 59(b) and cannot be given effect.

In light of these cases, we hold that the two rules at issue here conflict, and that the local rule cannot, in these circumstances, be given effect. Accordingly, appellants' motion for reconsideration and notice of appeal were timely filed, and the motion to dismiss must be denied.

Review by Supreme Court pending July 30, 1993.

---

[2]The 15-day period expired because the court had issued a letter opinion prior to entry of judgment, and the motion for reconsideration was not filed within 15 days of the entry of the letter opinion.