[No. 59240-3.   En Banc.   November 19, 1992.]

THE STATE OF WASHINGTON, *Appellant*, v. DOUGLAS CRAIG PERRY, *Respondent*.

*C.C. Bridgewater, Prosecuting Attorney,* and *Douglas S. Boole, Lindsay T. Thompson,* and *Winniferd Clements, Deputies,* for appellant.

*John A. Hays,* for respondent.

*Arthur D. Curtis, Prosecuting Attorney for Clark County,* and *Richard Melnick, Deputy,* on behalf of Washington Association of Prosecuting Attorneys, amicus curiae for appellant.

*Janet Ainsworth* on behalf of Washington Association of Criminal Defense Lawyers, amicus curiae for respondent.

PER CURIAM. — The issue is whether the State's appeal should be dismissed because the State failed to assign error to the order dismissing the charge against defendant.

The police obtained a search warrant to search for cocaine and related items at a residence where defendant was an occupant. The officers executing the warrant failed to discover any cocaine, but found marijuana in an amount less than 1 gram. During the search the police answered defendant's telephone. The caller wanted to purchase marijuana; the police agreed. The caller appeared and the police sold him the marijuana. The buyer was arrested along with defendant. Defendant was charged with possession with intent to deliver marijuana "contrary to RCW 69.501.401(a)."[1]

Defendant moved to suppress, relying on three theories, including an assertion that answering the telephone exceeded the scope of the search warrant and was an illegal interception of a telephone call. The State's 1¼-page answering brief did not mention the telephone issue. Clerk's Papers, at 7-8.

A suppression hearing was held. No testimony or written evidence was introduced. Several times the trial court indicated the necessity of testimony about the circumstances surrounding the police answering the defendant's telephone. Verbatim Report of Proceedings, at 13, 15-16. The prosecutor stated that he was "not prepared to really totally respond", Verbatim Report of Proceedings, at 16, and that the State may want to reargue "that phone conversation thing", Verbatim Report of Proceedings, at 19.

Despite the total absence of any testimony or evidence, the State prepared and presented findings of fact, conclusions of law and order on suppression and dismissal. Clerk's

---

[1] The citation to the statute is in error. It should reference RCW 69.50.401(a). Clerk's Papers, at 1. The suppression order prepared by the State is also in error, for two reasons: it refers to RCW 69.501.401(d) rather than RCW 69.50.401(d), and in any case that statutory provision concerns a possession charge, whereas the information charges possession with intent to deliver. Clerk's Papers, at 11. These errors are not at issue.

Papers, at 9-12. Included in the State-prepared document is the following order:

> 3.1 The phone calls and the selling of marijuana to the individual who came to the residence during the execution of the search warrant are suppressed.
>
> 3.2 The suppression of this evidence leaves the State unable to go forward on a charge of Intent to deliver marijuana therefore the charge is dismissed.

Clerk's Papers, at 11-12.

The State apparently concedes it could have proceeded with a possession charge, Verbatim Report of Proceedings, at 21-22, but wanting to pursue the possession with intent to deliver charge, the State appealed the dismissal of that charge.

On May 6, 1992, this court accepted certification from the Court of Appeals. Thereafter, but not until August 20, 1992, defendant raised the issue of the State's failure to assign error to the order of dismissal. Thus certification was accepted before defendant brought the matter to the attention of the court.

■ The State did not assign error to the dismissal of the information. Therefore, *State v. Fortun*, 94 Wn.2d 754, 626 P.2d 504 (1980) mandates dismissal of this case because the circumstances here are precisely the same as in *Fortun. See also State v. Pam*, 101 Wn.2d 507, 510-11, 680 P.2d 762 (1984). The State has not asked us to reconsider the holding in *Fortun*, nor offered any policy arguments why *Fortun* should not dictate dismissal. We have not reconsidered *Fortun*. The State only argues that its notice of appeal is from the order of suppression and dismissal. That argument fails to recognize the difference between a notice of appeal and an assignment of error. *See* RAP 10.3(a)(3).

The appeal is dismissed.