[No. 31923-0-I.   Division One.   April 24, 1995.]

THE STATE OF WASHINGTON, *Appellant*, v. BRETT RAYMOND CHAUSSEE, *Respondent*.

*Norm Maleng, Prosecuting Attorney,* and *Raymon Thomas, Deputy,* for appellant.

*Tom Conom,* for respondent.

Cox, J. — The State appeals the trial court's order suppressing evidence pursuant to a search warrant and the order dismissing the charge against Brett Chaussee of possession of cocaine with intent to deliver. Chaussee has moved to dismiss the appeal. Since we agree with Chaussee that the State failed pursuant to RAP 10.3(a)(3) to assign error to the order suppressing evidence and the order dismissing the charge, we dismiss the State's appeal without reaching the merits of the case.

In May 1991, Kirkland Police Detective Bryan McNaghten investigated a complaint of narcotics trafficking at unit H-5 of the Ridgewood Condominiums in Kirkland. That unit was owned by Chaussee. After completing his investigation, McNaghten made a sworn application over the telephone for a search warrant from district court. McNaghten stated that

while standing in the yard behind Chaussee's condominium building, he had observed Chaussee and two women through Chaussee's back windows and sliding glass door. McNaghten asserted, among other things, that he saw Chaussee holding a bent pop can and a "zip lock" plastic baggie containing green vegetable matter which McNaghten believed was marijuana. He also saw Chaussee place the green vegetable matter onto the pop can and light it, then hold the can to his lips and inhale as if from a pipe. Based on these and other observations, McNaghten believed that Chaussee was a drug dealer.

The district court judge issued the search warrant, and McNaghten executed it at Chaussee's condominium less than an hour later. McNaghten found cocaine and drug-related paraphernalia.

The State charged Chaussee by information with one count of possession with intent to manufacture or deliver cocaine. Chaussee filed a motion to suppress the evidence and initially sought an evidentiary hearing to determine whether McNaghten's presence in the back yard of the condominium building and his observations prior to obtaining the search warrant constituted an illegal warrantless search. Chaussee also intended to challenge certain statements made by McNaghten in his application for a warrant. The State argued that the trial court could determine the validity of the search warrant by looking only at the four corners of the application, and that Chaussee could challenge McNaghten's representations in his application only through a *Franks*[1] hearing.

The trial court combined the *Franks* hearing with the CrR 3.6 suppression hearing. The court granted Chaussee's motion to suppress and dismissed the charge with prejudice.

The State filed a motion for reconsideration on November 24, 1992. On December 11, 1992, the State filed a timely notice of appeal of the order suppressing the evidence and the order of dismissal. Thereafter, the trial court denied the

---

[1]*Franks v. Delaware*, 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978).

State's motion for reconsideration. The State did not appeal the order denying the motion for reconsideration.

## I

### JURISDICTION

Chaussee first argues that this court does not have jurisdiction over the State's appeal because the State failed to appeal the trial court's order denying its motion for reconsideration. We disagree. Such a contention would conflict with RAP 2.2(b), which reads in relevant part:

> Except as provided in section (c), the State or a local government may appeal in a criminal case only from the following superior court decisions and only if the appeal will not place the defendant in double jeopardy:
>
> (1) *Final Decision, Except Not Guilty.* A decision which in effect abates, discontinues, or determines the case other than by a judgment or verdict of not guilty, including but not limited to a decision setting aside, quashing, or dismissing an indictment or information.
>
> (2) *Pretrial Order Suppressing Evidence.* A pretrial order suppressing evidence, if the trial court expressly finds that the practical effect of the order is to terminate the case.

Chaussee does not contend that the trial court's orders suppressing the evidence and dismissing the charge were not final appealable orders when the State filed its notice of appeal. Instead, Chaussee contends that the motion for reconsideration makes the otherwise final orders of the trial court not final until the ruling on the motion, and the State's failure to appeal the ruling on the motion deprives this court of jurisdiction to hear the appeal of the two original orders. Chaussee argues that his position is supported by *Schaefco, Inc. v. Columbia River Gorge Comm'n*, 121 Wn.2d 366, 849 P.2d 1225 (1993); *King Cy. v. Williamson*, 66 Wn. App. 10, 830 P.2d 392 (1992); and *Simonson v. Veit*, 37 Wn. App. 761, 683 P.2d 611, *review denied*, 102 Wn.2d 1013 (1984). We disagree.

■■ None of those cases holds that the State's valid and timely notice of appeal of a final decision or order under RAP 2.2(b) will be vitiated if the State files a motion for reconsideration and does not file a second notice of appeal of

the trial court's order denying that motion. Furthermore, none of those cases require the State to refrain from filing a notice of appeal under RAP 2.2(b) until a motion for reconsideration is decided by the trial court. For example, *Schaefco* held that a party who failed to file a timely motion for reconsideration in the trial court could not avail itself of the *extension* of time to file a notice of appeal granted by RAP 5.2(a) and (e). 121 Wn.2d at 367-68. That rule of law has no application to these facts.

Williamson held that a local rule's time limitations for filing a motion for reconsideration could not be given effect because the local rule conflicted with the state rule, CR 59(b). 66 Wn. App. at 14. *Williamson* also noted that under RAP 5.2(a) and (e), a notice of appeal must be filed within 30 days *following* the decision to be reviewed or within 30 days *following* the entry of an order deciding a timely motion for reconsideration. Thus, the court was merely recognizing that when a party files certain timely motions, RAP 5.2(e) authorizes the party to file a notice of appeal at a time later than prescribed by RAP 5.2(a). *Williamson* does not suggest that the State *must* wait until after a motion for reconsideration is decided before exercising its right under RAP 2.2(b) to immediately file an appeal from a final decision or a pretrial order suppressing evidence. *See State v. Fortun*, 94 Wn.2d 754, 755, 626 P.2d 504 (1980) (after the court signed the order of dismissal, the State was "immediately enabled" to appeal that order, as well as the signed suppression order).

Likewise, *Simonson* does not compel the outcome Chaussee urges. In that civil case, the court was asked to decide the effect of a motion for reconsideration on the time for filing a notice of appeal. 37 Wn. App. at 765. Noting that the Rules of Appellate Procedure did not address that issue, the court looked to the federal rules for guidance and approved of the rule that the time period within which a federal appeal must be filed does not begin to run until the federal court disposes of a *properly made motion or petition for rehearing*. 37 Wn. App. at 765. As the *Simonson* court explained,

> [t]he reasoning behind the rule is that a timely petition for rehearing suspends the finality of the judgment pending that

court's further determination on whether the judgment should be modified . . .. A similar analysis was used in *Sitko v. Rowe*, 195 Wash. 81, 79 P.2d 688 (1938), where the court held that the time for a notice of appeal does not begin to run until the entry of an order denying the motion for a new trial. It would serve no purpose to *require* appellants to file a notice of appeal while a motion for reconsideration or new trial was pending in the court below.

(Italics ours.) *Simonson*, 37 Wn. App. at 765.

Simonson does not stand for the proposition that an appellant must refrain from filing a notice of appeal of the types of orders in this case until an order is entered on a motion for reconsideration. Moreover, it does not hold that the failure to appeal an order denying a motion for reconsideration affects the timely appeal of the original orders. *See Hall v. Seattle School Dist. 1*, 66 Wn. App. 308, 315, 831 P.2d 1128 (1992) ("RAP 5.2(e) specifically provides that a notice of appeal *may* be filed within 30 days of entry of the order denying the motion for reconsideration." (Italics ours.)) To impose such rules on the State in a criminal case would be inconsistent with the clear language of RAP 2.2(b) granting the State the unqualified right to appeal certain final decisions and suppression orders. *See Fortun*, 94 Wn.2d at 755.

Chaussee's interpretation of RAP 5.2(e) would effectively change that rule from permitting a later filing of a notice of appeal to one requiring such filing. A court "has no power to insert new provisions into a rule that is plain on its face", and therefore we will not attempt to do so by adopting Chaussee's analysis. *State v. Carmichael*, 53 Wn. App. 894, 896, 771 P.2d 364, *review denied*, 113 Wn.2d 1001 (1989). Given the clear authority granted to the State under RAP 2.2(b) to appeal certain final decisions and orders, we are not persuaded by Chaussee's reliance on federal cases interpreting the federal counterpart to RAP 5.2. *See United States v. Ibarra*, 502 U.S. 1, 116 L. Ed. 2d 1, 112 S. Ct. 4 (1991); *United States v. Dieter*, 429 U.S. 6, 50 L. Ed. 2d 8, 97 S. Ct. 18 (1976); *United States v. Healy*, 376 U.S. 75, 11 L. Ed. 2d 527, 84 S. Ct. 553 (1964).

Chaussee's reliance on RAP 7.2(e) in support of his argument is likewise misplaced. The relevant portion of that rule

states that "a party may only obtain review of the decision on the postjudgment motion by initiating a separate review in the manner and within the time provided by these rules." RAP 7.2(e). Because the State is not required to appeal the order denying its motion for reconsideration before it can avail itself of RAP 2.2(b), and the State's decision not to appeal the order denying the motion for reconsideration does not affect the valid notice of appeal of the other two final orders, RAP 7.2(e) is irrelevant.

For all of the foregoing reasons, we deny Chaussee's motion to dismiss for lack of jurisdiction. We likewise deny Chaussee's motion to dismiss for the State's "failure" to assign error to the order denying its motion for reconsideration.

## II
### STATE'S FAILURE TO ASSIGN ERROR

Chaussee next contends that we should dismiss the State's appeal because the State failed to assign error to the order suppressing the evidence and the order dismissing the case. The State argues that it effectively assigned error to those orders through its notice of appeal which names both orders. It also contends it assigned error to the orders through its specific request for relief from the trial court's "invalidation of the warrant, suppression of evidence and dismissal of the charge". Br. of Appellant, at 15. Because the law of this state is clearly contrary to the positions taken by the State, we disagree.

■ Two opinions of our Supreme Court have required strict compliance with the requirement of RAP 10.3(a)(3) that an appellant include *in its brief* a concise statement of each asserted trial court error, together with the issues relating to each assignment of error. *See State v. Perry*, 120 Wn.2d 200, 202, 840 P.2d 171 (1992); *State v. Fortun*, 94 Wn.2d at 756. RAP 10.3(a)(3) states: "The brief of the appellant or petitioner should contain under appropriate headings . . . (3) [a] separate concise statement of each error a party contends was made by the trial court, together with the issues pertaining to the assignments of error."

In *Fortun*, the State filed a timely notice of appeal of a pretrial order suppressing evidence and an order dismissing the criminal charge against Fortun. 94 Wn.2d at 755-56. The State complied with the requirements of assigning error and providing argument for the suppression order, but it failed to do so for the order dismissing the charge. 94 Wn.2d at 756-57. Because of that failure to assign error to the order of dismissal, the Supreme Court granted the respondent's motion to dismiss the appeal. 94 Wn.2d at 757.

The court held fast to that ruling in *Perry*. There, the State appealed the dismissal of the charge following the trial court's order suppressing evidence. 120 Wn.2d at 201-02. While the State named both the suppression order and the order of dismissal in its notice of appeal, it failed to assign error to the order of dismissal. 120 Wn.2d at 202. *Perry* held that *Fortun* mandated dismissal of the appeal because the circumstances of the two cases were the same. 120 Wn.2d at 202. As the court stated,

> [w]e have not reconsidered *Fortun*. The State only argues that its notice of appeal is from the order of suppression and dismissal. That argument fails to recognize the difference between a notice of appeal and an assignment of error. *See* RAP 10.3(a)(3).

120 Wn.2d at 202.

Here, the State failed to assign error to the order of dismissal and the order suppressing the evidence. *Perry* and *Fortun* therefore require dismissal. *See Perry*, 120 Wn.2d at 202; *State v. Fortun*, 94 Wn.2d at 757.

We are aware that another panel of this court recently denied a motion to dismiss even though the State failed to appeal from an order suppressing evidence and failed to assign error to an order of dismissal which it had appealed. *State v. Olson*, 74 Wn. App. 126, 128, 872 P.2d 64, *review granted*, 125 Wn.2d 1001 (1994). The court relied on case law holding that technical violations of the Rules of Appellate Procedure will not ordinarily bar review when the nature of the challenge is perfectly clear and the challenged finding is set forth in the appellate brief. *Olson*, 74 Wn. App. at 128

(citing *State v. Williams*, 96 Wn.2d 215, 220, 634 P.2d 868 (1981)). The *Olson* court also ruled as it did because the respondent had not been prejudiced by the State's errors and RAP 1.2(a) promotes a liberal interpretation of the rules to "facilitate the decision of cases on the merits". *Olson*, 74 Wn. App. at 129. Because *Perry* and *Fortun* are directly on point in the present case, we rely here on those two Supreme Court decisions and decline to follow *Olson*.

We dismiss the appeal and deny Chaussee's request for terms.

BAKER, A.C.J., and GROSSE, J., concur.