[No. 61860-7.   En Banc.   April 27, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. BRYAN P. OLSON, *Petitioner*.

*Mark D. Mestel* and *Mestel & Muenster,* for petitioner.
*David R. Needy, Prosecuting Attorney,* and *K. Garl Long, Chief Criminal Deputy,* for respondent.

UTTER, J.* — Bryan Olson petitions for review of a Court of Appeals decision reversing a suppression order and rein-

---

*Judge Robert F. Utter is serving as a justice pro tempore of the Supreme Court pursuant to Const. art. 4, § 2(a) (amend. 38).

stating a criminal charge against him. Mr. Olson does not challenge the Court of Appeals decision on the merits of the suppression issue. He instead argues only that the Court of Appeals should not have reached that issue and should have dismissed the State's appeal because the State did not properly appeal from the order suppressing the evidence and failed to assign error to the trial court's order of dismissal in violation of RAP 10.3(a)(3) and 10.3(g). For the reasons set out in the opinion below, we affirm the Court of Appeals' denial of Mr. Olson's motion to dismiss.

On May 20, 1992, police officers executed a search warrant at Mr. Olson's residence and discovered a marijuana growing operation. Mr. Olson was subsequently charged with possession of marijuana with intent to manufacture. He moved to suppress the evidence found in his home on the ground that the affidavit supporting the search warrant contained material misstatements and failed to establish probable cause. On February 11, 1993, a hearing was held and the trial court granted the motion and suppressed the evidence. The State filed a motion, affidavit and order of dismissal, Clerk's Papers, at 72-73, apparently so the State could appeal the suppression order under RAP 2.2(b)(1).[1] The trial court granted the motion and the charges were dismissed.

On March 1, 1993, the State filed a timely notice of appeal from the dismissal order. Clerk's Papers, at 74. The

---

[1]RAP 2.2(b)(1) permits the appeal of "[a] decision which in effect abates, discontinues, or determines the case other than by a judgment or verdict of not guilty, including but not limited to a decision setting aside, quashing, or dismissing an indictment or information." It is unclear why the State chose to move for a dismissal and then appeal the dismissal order under RAP 2.2(b)(1) rather than appealing the suppression order directly under RAP 2.2(b)(2) which allows an appeal of a pretrial suppression order "if the trial court expressly finds that the practical effect of the order is to terminate the case." The record suggests, however, that at the time of the dismissal, the parties assumed that such an order was necessary in order to put the case in a procedural posture such that an appeal could be filed. As Olson did not challenge in his brief the procedure followed, and only implied during oral argument that it may have been problematic without providing argument in his brief on the point, we will not address the propriety of this procedure.

notice of appeal did not specifically refer to the suppression order, but the dismissal order, which was attached to the notice of appeal, clearly stated that the dismissal was based on the suppression of evidence by the trial court. Clerk's Papers, at 75.

On July 8, 1993, the State filed its opening brief. The State assigned error to the suppression order and argued for the validity of the warrant. The State's brief concluded that the suppression order should be vacated "and the subsequent order of dismissal, be reversed, and the case be remanded to the Superior Court for trial on the merits." Br. of Appellant, at 21. Mr. Olson then filed a motion to dismiss along with the brief of respondent. The motion to dismiss was based on the grounds that the State failed to assign error to the dismissal order in its opening brief and that the State failed to file a notice of appeal from the suppression order. Motion to Dismiss and Br. of Resp't, at 1. In its reply brief, the State moved to amend its brief by adding an assignment of error to the dismissal order. Reply Br. of Appellant, at 10-11.

The Court of Appeals denied Mr. Olson's motion to dismiss. The court found "[s]ince the challenge is clear, justice will be served by reviewing the suppression and dismissal orders. We decide the case on its merits, promoting substance over form. RAP 1.2(a)." (Footnote omitted.) *State v. Olson*, 74 Wn. App. 126, 129, 872 P.2d 64 (1994). The court thus reached the merits of the case, reversed the trial court, and remanded for trial. Mr. Olson now seeks review of the Court of Appeals' denial of his motion to dismiss.

RAP 1.2(a) states:

> These rules will be liberally interpreted to promote justice and facilitate the decision of cases on the merits. Cases and issues will not be determined on the basis of compliance or noncompliance with these rules except in compelling circumstances where justice demands, subject to the restrictions in rule 18.8(b).

The clear language of this rule supports the conclusion of the Court of Appeals and compels us to find that a technical

violation of the rules, such as that in this case, should normally be overlooked and the case should be decided on the merits. This result is particularly warranted where the violation is minor and results in no prejudice to the other party and no more than a minimal inconvenience to the appellate court.

Mr. Olson cites *Transamerica Ins. Group v. United Pac. Ins. Co.*, 92 Wn.2d 21, 593 P.2d 156 (1979), *State v. Fortun*, 94 Wn.2d 754, 626 P.2d 504 (1980), *State v. Pam*, 101 Wn.2d 498, 680 P.2d 762 (1984), and *State v. Perry*, 120 Wn.2d 200, 840 P.2d 171 (1992), for the proposition that failure to assign error to matters in strict compliance with RAP 10.3(a)(3) will preclude a court from considering those matters on appeal. While these cases can perhaps be read to set out such a broad and rigid rule, that is not the best reading.

In *Transamerica*, we stated: "[w]e will not consider issues on appeal that are not raised by an assignment of error."[2] *Transamerica*, 92 Wn.2d at 28. This statement was made in the discussion of a contention that the Appellant made orally to this court, offering no argument and citing no authority. Moreover, after stating that we would not consider the issue, we nevertheless proceeded to discuss its merits. This case

---

[2]We cited two cases for this general proposition. Neither of these cases, however, stands for such a strict rule.

In *Schneider v. Forcier*, 67 Wn.2d 161, 406 P.2d 935 (1965), this court, in discussing the merits of an argument made by the appellants, noted that the argument, considered in the most apparent way, is unsound. We stated, however, that the argument could be considered in another manner which would raise certain constitutional questions. Because the constitutionality of the statute was not raised in the assignments of error, and presumably not argued by the parties, we concluded that we would not consider the issue. In support, we cited Rule on Appeal 43, the predecessor to RAP 10.3(a)(3).

In *State v. Tanzymore*, 54 Wn.2d 290, 292, 340 P.2d 178 (1959), we simply stated that a vague assignment of error which states only that "substantial justice was denied the appellant in the lower court" does not raise any issues that an appellate court can address. As in *Schneider*, we did not refuse to address any actual issues that the appellant raised.

Thus, these cases do not stand for the broad proposition that an appellate court will not consider an issue raised and argued by the appellant because of some technical noncompliance with the Rules of Appellate Procedure.

should therefore be read to hold only that an appellate court generally will not consider an issue raised for the first time during oral argument where there is no argument presented on the issue and no citation to authority provided.

*State v. Fortun, supra,* is similarly distinguishable from this case, although it involved facts similar to those here. In the trial for criminal possession of a controlled substance, the trial court issued an order suppressing all the physical evidence. The State then presented a proposed order dismissing the case which the trial judge signed. The State subsequently gave notice of appeal from both the pretrial suppression order and the dismissal order. In its brief, however, the State did not assign error to, argue, or request relief from the dismissal order. As in *Transamerica*, we emphasized not only that the appellant failed to assign error to a particular matter, it also failed to argue or supply citations.

> RAP 10.3(a)(3) requires an appellant's brief to contain a concise statement of each asserted trial court error, together with the issues pertaining to the assignments of error. In addition, RAP 10.3(a)(5) requires argument in support of the issues presented for review, together with citations to legal authority. In appealing the trial court's pretrial order of suppression . . . the State complied with RAP 10.3(a)(3) and (5). It did not, however, assign error to or argue the more basic and underlying order which dismissed the charge against respondent.

*Fortun,* 94 Wn.2d at 756.

Because we considered the two violations of the rules so closely together, *Fortun* cannot stand for the proposition that the failure to assign error to an issue, by itself, will necessarily result in an appellate court refusing to consider that issue. We did state: "[w]e have held consistently that we will not consider matters to which no error has been assigned." *Fortun,* 94 Wn.2d at 756. As shown above, however, the cases we cited, *Transamerica, Schneider*, and *Tanzymore,* do not stand for such a broad and rigid rule. Moreover, this statement must be read in the context of a complete failure of the appellant to raise the issue in any way

at all — neither in the assignments of error, in the argument portion of the brief, nor in the requested relief.

*State v. Pam, supra*, relied on *Fortun* and supports the more narrow reading of that case.

> In *Fortun*, we refused to consider the merits of the State's appeal from a suppression order because the State had failed to "assign error to *or argue* the more basic and underlying order which dismissed the charge against respondent." *Fortun*, at 756.
>
> Precisely the same events occurred here.

(Italics ours.) *Pam*, 101 Wn.2d at 511. *State v. Perry*, 120 Wn.2d 200, 840 P.2d 171 (1992) also relied on *Fortun*. There, the State again failed to assign error to the underlying order of dismissal. While it is unclear from the opinion whether the State presented argument on the issue or requested relief from the dismissal order, it presumably did not since we stated that *Fortun* "mandates dismissal of this case because the circumstances here are precisely the same as in *Fortun.*" *Perry*, 120 Wn.2d at 202.

■ Thus, none of the cases relied on by Mr. Olson are as broad as he suggests. Instead, they stand only for the proposition that when an appellant fails to raise an issue in the assignments of error, in violation of RAP 10.3(a)(3), *and* fails to present any argument on the issue or provide any legal citation, an appellate court will not consider the merits of that issue. To the extent, however, that *Fortun* and its progeny may conflict with our holding today, they are overruled.

This more narrow rule is supported by sound policy considerations which do not apply to the broad rule proposed by the Petitioner. The narrow rule makes perfect sense because in the situation where the issue is not raised at all, the court is unable to properly consider the issue prior to the hearing and is given no information on which to decide the issue following the hearing. More importantly, the other party is unable to present argument on the issue or otherwise respond and thereby potentially suffers great preju-

dice. That situation is far different from the situation presented in this case, however, where, as the Court of Appeals noted, the nature of the State's challenge is clear. *State v. Olson*, 74 Wn. App. 126, 129, 872 P.2d 64 (1994).

Significantly, none of the cases relied on by the Petitioner address the effect of RAP 1.2(a) which states that "[c]ases and issues will not be determined on the basis of compliance or noncompliance with these rules except in compelling circumstances where justice demands". There is another line of cases from this court, however, that addresses the effect of RAP 1.2(a) on technical violations of the rules.

In *State v. Reader's Digest Ass'n*, 81 Wn.2d 259, 501 P.2d 290 (1972), *appeal dismissed*, 411 U.S. 945 (1973), we stated: "[t]he fact that the state mistakenly appealed from the order denying its motion rather than from judgment is purely a technicality. The state's obvious and overriding intent was to appeal from the judgment." *Reader's Digest Ass'n*, 81 Wn.2d at 266. In deciding to overlook a technical violation of the rules, we relied on a predecessor of RAP 1.2(a) which "admonish[es] us to decide cases on the merits, disregarding mere technicalities, where possible." *Reader's Digest Ass'n*, 81 Wn.2d at 266 (citing Rule on Appeal 63).

We specifically addressed the effect of RAP 1.2(a) in *Daughtry v. Jet Aeration Co.*, 91 Wn.2d 704, 592 P.2d 631 (1979). The court stated:

> RAP 1.2(a) makes clear that technical violation of the rules will not ordinarily bar appellate review, where justice is to be served by such review. In these circumstances, where the nature of the challenge is perfectly clear, and the challenged finding is set forth in the appellate brief, we will consider the merits of the challenge.

*Daughtry v. Jet Aeration Co.*, 91 Wn.2d at 710.

Relying on *Daughtry*, we reached the same conclusion regarding the effect of RAP 1.2(a) in *State v. Williams*, 96 Wn.2d 215, 220, 634 P.2d 868 (1981) and *State v. Estrella*, 115 Wn.2d 350, 355, 798 P.2d 289 (1990). In fact, every case in which we have considered a technical noncompliance with the rules concerning appellate briefing or notice of

appeal in light of RAP 1.2(a), we have decided to reach the merits of the case or issue.[3] *See Queen City Farms, Inc. v. Central Nat'l Ins. Co.*, 124 Wn.2d 536, 549 n.1, 882 P.2d 703 (1994); *National Fed'n of Retired Persons v. Insurance Comm'r*, 120 Wn.2d 101, 116, 838 P.2d 680 (1992); *State v. Schaupp*, 111 Wn.2d 34, 39 n.1, 757 P.2d 970 (1988); *Green River Comm'ty College Dist. 10 v. Higher Educ. Personnel Bd.*, 107 Wn.2d 427, 431, 730 P.2d 653 (1986).

■■ It is clear from the language of RAP 1.2(a), and the cases decided by this court, that an appellate court may exercise its discretion to consider cases and issues on their merits. This is true despite one or more technical flaws in an appellant's compliance with the Rules of Appellate Procedure. This discretion, moreover, should normally be exercised unless there are compelling reasons not to do so. In a case where the nature of the appeal is clear and the relevant issues are argued in the body of the brief and citations are supplied so that the court is not greatly inconvenienced and the respondent is not prejudiced, there is no compelling reason for the appellate court not to exercise its discretion to consider the merits of the case or issue.

In this case, as the Court of Appeals noted:

> The notice of appeal clearly states what is intended, the brief was sufficient for Olson to respond, and he has responded. Olson has not been prejudiced and the review process has not been significantly impeded by any technical inadequacy in the State's opening brief.

*State v. Olson*, 74 Wn. App. at 129. Under these circumstances, it cannot be said that the Court of Appeals abused its discretion under RAP 1.2(a) in deciding to consider the merits of the case, "promoting substance over form". *Olson*, 74 Wn. App. at 129.

There is no compelling reason why this case should not be decided on its merits. The Court of Appeals properly

---

[3]This court has not treated criminal cases and civil cases any differently in this regard. The same standard under RAP 1.2(a) applies to both — strict compliance to the rules will be required only "in compelling circumstances where justice demands".

exercised its discretion in this case and we therefore affirm its denial of Mr. Olson's motion to dismiss.

DURHAM, C.J., and DOLLIVER, SMITH, GUY, JOHNSON, MADSEN, and ALEXANDER, JJ., concur.

TALMADGE, J. (concurring) — I concur with the majority opinion. The failure to assign error, as required by RAP 10.3(a) and RAP 10.3(g), should not result in the waiver of the error on appeal where the issue associated with the error is plainly articulated and argued. An issue is waived, however, if counsel do not plainly articulate and argue it in the appellate pleadings.

I write separately only to emphasize that proper assignments of error are indeed *mandatory* in briefs. RAP 10.3(a)(3), RAP 10.3(b), RAP 10.3(g), RAP 10.3(h). Assignments of error assist counsel and the appellate courts to focus the issues for decision. Even though the failure to assign error may not result in the waiver of the issue associated with the alleged error, sanctions under RAP 10.7 may well be appropriate for counsel who neglect to meet the requirements of RAP 10.3. *See, e.g., Hurlbert v. Gordon*, 64 Wn. App. 386, 824 P.2d 1238, *review denied*, 119 Wn.2d 1015 (1992).