THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| RUBY SANGHA,<br><br>    Appellant,<br><br>    v.<br><br>EDWARD BRAZIER, KYONG HILL, AND JOHN CHING,<br>    Defendants,<br><br>MATTHEW CUNANAN,<br><br>    Respondent. | No. 81782-5-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

ANDRUS, A.C.J. — Ruby Sangha appeals an award of attorney fees in favor of her former attorney, Matthew Cunanan, after he successfully obtained an order foreclosing an attorney fee lien. We conclude the trial court erred in holding that the parties' fee agreement entitled Cunanan to recover fees he incurred in foreclosing his lien. We reverse the trial court's award of attorney fees.

FACTS

Following a two-car collision in which Sangha was a passenger, Sangha brought a negligence action against the two drivers. In July 2018, Sangha hired attorney Matthew Cunanan of DC Law Group to represent her in the ongoing personal injury case, and the two entered into a fee agreement. The agreement provided that, in the event Sangha discharged Cunanan, she would pay Cunanan

$395 per hour for his legal services out of any settlement proceeds. Paragraph 17 granted to Cunanan "a lien on any and all claims that are the subject of Attorney's representation under this Agreement." The lien attached to any recovery Sangha obtained. The fee agreement also notified Sangha that "[a]n effect of such a lien is that Attorney may be able to compel payment of fees and costs from any such funds recovered on behalf of Client even if Attorney has been discharged before the end of the case."

Paragraph 19 contained an arbitration provision:

> **ARBITRATION.** In the event a dispute, controversy, or claim, including claims of legal malpractice, arises between the parties to this agreement, it is hereby agreed that the dispute shall be referred to Washington Arbitration & Mediation Service or an alternate service by agreement of Client and Attorney, for arbitration in accordance with the Washington Arbitration & Mediation Service Rules of Arbitration and RCW 7.04A. The arbitrator's decision shall be final and legally binding and judgment may be entered thereon.
>
> The arbitration, including the rendering of the award, shall take place at a place designated by the arbitrator in Seattle, Washington, which shall be the exclusive forum for resolving any dispute, controversy or claim. The decision of the arbitrator shall be final and binding upon the parties hereto, and the expense of the arbitration shall be paid as the arbitrator determines. In the event a party fails to proceed with arbitration, unsuccessfully challenges the arbitrator's award, or fails to comply with the arbitrator's award, the other party is entitled to costs of suit, including a reasonable attorney's fee for having to compel arbitration or defend or enforce the award.

(Emphasis added).

Sangha subsequently discharged Cunanan, and he withdrew on September 11, 2019. After Sangha retained new counsel, she settled her personal injury case for an undisclosed amount.

On December 10, 2019, Cunanan filed a Notice of Attorney's Claim containing an itemized invoice for services he had performed before his

withdrawal. He sought $85,836, reflecting 215.8 hours of work at the agreed upon $395 per hour rate, plus costs.

On April 23, 2020, Sangha notified the trial court that the personal injury case had settled and asked the trial court to convert the trial date into a hearing to determine the validity of Cunanan's lien. The court granted this motion. In June 2020, Sangha notified the court of her intent to strike this motion and Cunanan moved to foreclose the lien, seeking the fees he was owed for his work on her personal injury case and an additional award of attorney fees and costs to prosecute the lien foreclosure.

The court granted Cunanan's motion and foreclosed the lien on July 10, 2020, ordering Sangha to pay $85,836 within seven days. The court also directed Cunanan to submit for the court's review a supplemental declaration setting forth "the fees and costs incurred in bringing the present motion."

Cunanan subsequently moved for an award of attorney fees and costs incurred in bringing the motion to foreclose, arguing that the parties' fee agreement entitled him to recover these sums. The court granted the motion, concluding "the [fee] Agreement stipulated that the prevailing party in an action to enforce the provisions of the Agreement is entitled to their reasonable costs and fees incurred" and awarded Cunanan $13,260.45. Of this award, $4,355 was incurred for the expert witness services of Peter Jarvis who submitted a declaration in response to Sangha's allegations of ethical violations. Another $89.96 was incurred in providing working copies of pleadings to the court. The remaining amount reflected $8,905.45 in attorney fees Cunanan paid his attorney to prepare the motion to foreclose the lien and to oppose Sangha's motions to compel discovery

and to continue the foreclosure hearing. The court denied Sangha's motion for reconsideration. Sangha appeals only the $8,905.45 foreclosure attorney fee award.[1]

ANALYSIS

In Washington, attorney fees are not recoverable unless permitted by contract, statute, or some recognized ground in equity. Panorama Vill. Condo. Owners Ass'n Bd. of Dirs. v. Allstate Ins. Co., 144 Wn.2d 130, 143, 26 P.3d 910 (2001). We generally review de novo whether there is a legal basis in contract for a fee award. Bangerter v. Hat Island Cmty. Assoc., 14 Wn. App.2d 718, 744, 472 P.3d 998 (2020).

The parties disagree on the appropriate standard of review. Sangha argues that whether paragraph 19 confers a legal entitlement to attorney fees is a question of contract interpretation, reviewed de novo on appeal. Cunanan contends that Sangha is challenging a finding that she failed to proceed to arbitration and our review is limited to determining whether there is substantial evidence in the record to support this finding.

We conclude that our review is de novo because the parties do not dispute the underlying facts. It is undisputed that neither Cunanan nor Sangha demanded arbitration of the fee dispute. Sangha initiated litigation against Cunanan in superior court by asking the court to set a hearing to determine the validity of Cunanan's attorney lien. When Sangha struck that hearing, Cunanan chose to

---

[1] Sangha failed to assign error to any of the trial court's orders as required by RAP 10.3(a)(4). And she did not brief Cunanan's entitlement to recover expert witness fees or court costs as required by RAP 10.3(a)(6). Her failure to assign error or to brief this issue precludes appellate review. State v. Olson, 126 Wn.2d 315, 320-21, 893 P.2d 629 (1995). We address only Sangha's challenge to the award of $8,905.45 in attorney fees.

move to foreclose the lien under RCW 60.40.030 in the same forum. The only question is the legal significance of these undisputed facts under the contract. The application of the law to the facts is a question of law this court reviews de novo. Brundridge v. Fluor Fed. Servs., Inc., 164 Wn.2d 432, 441, 191 P.3d 879 (2008). We review questions of contract interpretation de novo as well. In re Estate of Petelle, 195 Wn.2d 661, 665, 462 P.3d 848 (2020). We will thus review de novo the trial court's legal conclusion that Cunanan is entitled to an award of attorney fees under his fee agreement with Sangha.[2]

Sangha contends the trial court erred in concluding that the fee agreement entitled Cunanan to recover attorney fees. We agree. The fee provision provided

> In the event a party fails to proceed with arbitration, unsuccessfully challenges the arbitrator's award, or fails to comply with the arbitrator's award, the other party is entitled to costs of suit, including a reasonable attorney's fee for having to compel arbitration or defend or enforce the award.

We interpret a contract according to the parties' intent as manifested by the words used. Wagner v. Wagner, 95 Wn.2d 94, 101, 621 P.2d 1279 (1980). When interpreting contracts, we generally give words in a contract their ordinary, usual, and popular meaning unless the entirety of the agreement clearly demonstrates a contrary intent. Hearst Commc'ns, Inc. v. Seattle Times Co., 154 Wn.2d 493, 504, 115 P.3d 262 (2005).

The fee provision starts with the phrase "in the event." This language establishes that an event must occur to trigger an entitlement to fees. It then proceeds to describe what the triggering events are: a party refuses to arbitrate,

---

[2] Sangha does not assign error to the trial court's finding that the amount of fees Cunanan incurred was reasonable. We therefore do not address that issue here.

unsuccessfully challenges an arbitration award, or fails to comply with that award. If one of these triggering events occurs, then the "other party" is entitled to fees. Implicit in the structure of this clause is that only one of the parties engaged in triggering conduct, while the other party did not.

Cunanan contends he was entitled to attorney fees because Sangha failed to proceed to arbitration. But neither Sangha nor Cunanan demanded arbitration of their fee dispute or moved to compel arbitration. Both parties unequivocally demonstrated their intent to litigate the dispute rather than arbitrate. Sangha invoked the jurisdiction of the superior court by filing a motion to convert her trial date into a hearing on the validity of Cunanan's lien. Cunanan invoked the jurisdiction of the superior court by filing a motion to foreclose that lien. Because both sides failed to proceed to arbitration, neither was entitled to recover attorney fees against the other under paragraph 19.[3]

We reverse the award of $8,905.45 in attorney fees to Cunanan. Because Cunanan is not the prevailing party on appeal, we deny his request for attorney fees.

_Andrus, A.C.J._

WE CONCUR:

_Chun, J._　　　　　　　_Mann, C.J._

---

[3] Because the trial court erred in concluding that Cunanan is entitled to attorney fees, we need not reach Sangha's argument that attorney fees are not recoverable "costs of suit" under the agreement.