

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| CITY OF RICHLAND, a municipal corporation, | ) ) ) | No. 39361-5-III |
| Respondent, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| LINDA ALEXANDER; LIVE VICTORIOUSLY MINISTRIES, | ) ) ) | |
| Appellants. | ) | |

STAAB, A.C.J. — Linda Alexander and Live Victoriously Ministries (Alexander) appeal from an order on summary judgment and order for abatement of nuisance violations granted to the city of Richland. We affirm the order and deny the appeal because Alexander has failed to comply with several provisions of the Rules of Appellate Procedure (RAP), including RAP 10.3, 10.4, and 18.7. These errors go beyond technical violations and impede effective appellate review.

BACKGROUND

The following facts are unchallenged and treated as verities on appeal. *In re Marriage of Akon*, 160 Wn. App. 48, 248 P.3d 94 (2011).

Linda Alexander, who is responsible for Live Victoriously Ministries, owns real property located in Richland, Washington. The city of Richland sent Alexander notice that the property was in violation of several provisions of the Richland Municipal Code (RMC). Alexander failed to attend a hearing on the alleged violations, and a default judgment was entered against her, declaring the property a nuisance. Alexander failed to timely appeal the notice of decision, and the code violations remained outstanding.

When Alexander failed to abate the nuisance issues, the city of Richland served her with a summons and complaint seeking injunctive relief along with a court order allowing abatement of the nuisances on the property. Alexander submitted an answer to this complaint, but the trial court found that the answer did not contain an issue of material fact and granted summary judgment. The trial court ordered that the property be abated and that Alexander be assessed all expenses incurred by the city of Richland.

Alexander appeals.

ANALYSIS

Although Alexander appears before this court pro se, she is held to the same standard as an attorney and must comply with all procedural rules. *See In re Marriage of Olson*, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

Under the RAPs, an appellant is required to identify assignments of error, which contain a "concise statement of each error a party contends was made by the trial court" along with reference to material portions of the challenged finding in the brief or

2

appendix. RAP 10.3(a)(4), 10.4(c). Additionally, the RAPs require "[r]eference to the

record . . . for each factual statement" along with "a fair statement of the facts and

procedure relevant to the issues." RAP 10.3(a)(5). Furthermore, the brief must contain

"argument in support of the issues presented for review, together with citations to legal

authority and references to relevant parts of the record." RAP 10.3(a)(6).

Alexander's brief fails to comply with these rules. Nevertheless, "'technical

violations of the rules will not ordinarily bar appellate review.'" *State v. Olson*, 126

Wn.2d 315, 322, 893 P.2d 629 (1995) (quoting *Daughtry v. Jet Aeration Co.,* 91 Wn.2d

704, 710, 592 P.2d 631 (1979)). RAP 1.2(a) states that "[c]ases and issues will not be

determined on the basis of compliance or noncompliance with these rules except in

compelling circumstances where justice demands." In *Olson*, the Supreme Court held

that:

> [A]n appellate court may exercise its discretion to consider cases and issues
> on their merits. This is true despite one or more technical flaws in an
> appellant's compliance with the Rules of Appellate Procedure. This
> discretion, moreover, should normally be exercised unless there are
> compelling reasons not to do so. In a case where the nature of the appeal is
> clear and the relevant issues are argued in the body of the brief and citations
> are supplied so that the Court is not greatly inconvenienced and the
> respondent is not prejudiced, there is no compelling reason for the appellate
> court not to exercise its discretion to consider the merits of the case or
> issue.

*Olson*, 126 Wn.2d at 323.

No. 39361-5-III
*City of Richland v. Alexander*

Here, the violations in Alexander's brief go beyond technical violations and impede effective review. Her brief does not list her assignments of error, she does not reference the record or provide a statement of the case, and she fails to provide any analysis or reference to relevant parts of the record. Instead, Alexander merely provides excerpts from the United States Constitution. It is also unclear what relief she seeks. Notably, the city of Richland was unable to respond to the contentions. For these reasons, we deny relief and affirm the order on summary judgment.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, A.C.J.

WE CONCUR:

_____
Fearing, J.

_____
Pennell, J.

4