

**FILED**
**OCTOBER 29, 2024**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| RYAN L. RUSSELL, | ) | |
| | ) | No. 40012-3-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COLUMBIA COUNTY HEALTH | ) | UNPUBLISHED OPINION |
| SYSTEM/DAYTON HOSPITAL, | ) | |
| | ) | |
| Respondent. | ) | |

STAAB, A.C.J. — Ryan Russell appeals the trial court's order granting Columbia County Health Service's (CCHS) motion to dismiss her complaint pursuant to CR 41(b)(1). The rule requires dismissal if, within one year of filing a claim, the plaintiff does not set the case for trial. While acknowledging that she failed to note her case for trial within one year, Russell argues that her failure to comply with the rule was due to the actions of CCHS and further suggests that she substantially complied. In response, CCHS argues that we should decline review because Russell's brief fails to comply with the RAPs. Alternatively, CCHS maintains that dismissal was required because Russell failed to note the case for trial at any time before the hearing on its motion to dismiss, and

CCHS's refusal to agree on proposed trial dates did not prevent Russell from complying with the rule.

We conclude that the trial court did not abuse its discretion in dismissing the case except that the rule provides for dismissal without prejudice and here the case was dismissed with prejudice. We remand with instructions for the court to modify its order granting dismissal to comply with the rule.

BACKGROUND

Ryan Russell alleges that she developed work-related shoulder problems in May 2019 while working for CCHS. She filed a claim with the Department of Labor and Industries (the Department). After accepting her claim and initially providing benefits, the Department issued subsequent orders finding that CCHS was not responsible for Russell's shoulder injury, and closing the claim with no permanent disability award. Russell appealed these orders.

The administrative appeals judge found that the Department correctly segregated Russell's claim for her shoulder injury, affirming the segregation order and dismissing the appeal of the closing order for failure to present a prima facie case. Russell then filed a timely petition for review with the Board of Industrial Insurance Appeals (BIIA). The BIIA affirmed the Department's orders. Russell then filed a notice of appeal to the superior court on May 31, 2022.

No. 40012-3-III
*Russell v. Columbia Health Sys.*

More than one year later, on July 10, 2023, CCHS filed a motion to dismiss pursuant to CR 41(b)(1). The motion included a declaration from CCHS's attorney who noted that Russell had taken no action since filing her notice of appeal on May 31, 2022, and failed to note the action for trial within one year as required by CR 41(b)(1). CCHS noted the motion for a hearing and provided Russell with notice.

On July 17, 2023, Russell's attorney contacted CCHS's attorney to find mutually agreeable dates for a trial. CCHS did not provide any dates, so Russell filed a responsive pleading titled "Status Report, Response to Defendant's Motion to Dismiss, and Note for Trial and Certificate of Readiness." Clerk's Papers at 25. This response included a status report of the case and noted Russell's available trial dates, but did not set the matter for trial.

The hearing on CCHS's motion to dismiss was continued by agreement to September 20, 2023. After argument by both parties, the court orally granted the motion. The court later entered a written order granting CCHS's motion to dismiss pursuant to CR 41(b)(1) with prejudice on October 4, 2023.

ANALYSIS

1. FAILURE TO COMPLY WITH THE RAPS

As a preliminary matter, CCHS argues that this Court should decline to review Russell's appeal because she failed to comply with RAP 10.3(a)(4). This rule provides that "[t]he brief of the appellant or petitioner should contain . . . [a] separate concise

3

statement of each error a party contends was made by the trial court, together with the issues pertaining to the assignments of error."

We agree that Russell's brief fails to comply with this rule. Nevertheless, "'technical violation[s] of the rules will not ordinarily bar appellate review.'" *State v. Olson*, 126 Wn.2d 315, 322, 893 P.2d 629 (1995) (quoting *Daughtry v. Jet Aeration Co.*, 91 Wn.2d 704, 710, 592 P.2d 631 (1979)). RAP 1.2(a) states that "[c]ases and issues will not be determined on the basis of compliance or noncompliance with these rules except in compelling circumstances where justice demands." In *Olson*, the Supreme Court held that:

> [A]n appellate court may exercise its discretion to consider cases and issues on their merits. This is true despite one or more technical flaws in an appellant's compliance with the Rules of Appellate Procedure. This discretion, moreover, should normally be exercised unless there are compelling reasons not to do so. In a case where the nature of the appeal is clear and the relevant issues are argued in the body of the brief and citations are supplied so that the Court is not greatly inconvenienced and the respondent is not prejudiced, there is no compelling reason for the appellate court not to exercise its discretion to consider the merits of the case or issue.

*Olson*, 126 Wn.2d at 323.

Here, Russell's brief did not include a section with the assignments of error or statement of the issues. However, there is only one substantive issue, the issue is argued in the body of the brief with citations to legal authority, and CCHS's thorough brief suggests it was not prejudiced by the technical violation. *See* Br. of Resp't.

4

CCHS argues that Russell's case should be dismissed pursuant to *State v. Perry,* 120 Wn.2d 200, 840 P.2d 171 (1992), and *State v. Fortun*, 94 Wn.2d 754, 626 P.2d 504 (1980). However, in *Olson*, the Supreme Court noted that in these cases the parties failed "to raise the issue in any way at all-neither in the assignments of error, in the argument portion of the brief, nor in the requested relief." *Olson*, 126 Wn.2d at 320-21. The court disagreed that these cases stand for the proposition that an appellate court will strictly refuse to consider an issue if the appellant fails to assign error. *Id.*

In this case, Russell failed to raise any issues or assign error in violation of RAP 10.3(a)(4), but she did present argument on the issue with legal citations. Thus, this case is distinguishable from *Perry*, 120 Wn.2d 200 and *Fortun*, 94 Wn.2d 754. Despite the technical violation, we exercise our discretion and consider the merits of the appeal.

2.    ORDER DISMISSING SUPERIOR COURT CASE

Russell argues that the trial court abused its discretion in granting CSHS's motion to dismiss pursuant to CR 41(b)(1). We disagree.

This court reviews a trial court's decision to grant or deny a motion to dismiss under CR 41 for abuse of discretion. *Gordon v. Robinhood Fin., LLC*, __ Wn. App. 2d ___, 547 P.3d 945, 955 (2024). A court abuses its discretion when its ruling is "manifestly unreasonable or discretion was exercised on untenable grounds." *Id.*

The interpretation of a court rule is a question of law this court reviews de novo. *Bus, Servs. of America II, Inc. v. WaferTech LLC*, 174 Wn.2d 304, 307, 274 P.3d 1025 (2012).

Under CR 41(b), a defendant may move to dismiss an action for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court," including want of prosecution. The specific language of the rule provides:

> Any civil action *shall be dismissed, without prejudice*, for want of prosecution whenever the plaintiff, counterclaimant, cross claimant, or third party plaintiff neglects to note the action for trial or hearing within 1 year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. Such motion to dismiss shall come on for hearing only after 10 days' notice to the adverse party. *If the case is noted for trial before the hearing on the motion, the action shall not be dismissed.*

CR 41(b)(1) (emphasis added).

The Supreme Court has held that if the conditions of CR 41(b)(1) are met, dismissal is mandatory. *WaferTech*, 174 Wn.2d at 308. Similarly, dismissal is not allowed "'if the case is noted for trial before the hearing on the motion'" to dismiss. *See Id*. (quoting CR 41(b)(1)).

In this case, Russell filed an appeal in Columbia County Superior Court on May 31, 2022. Russell took no action after filing the case and concedes that she did not note the matter for trial within one year. Nevertheless, Russell contends that her failure to comply with the rule should be excused because counsel for CCHS would not provide

6

agreeable trial dates.  Alternatively, Russell suggests that she substantially complied with the rule by proposing several possible trial dates in response to CCHS's motion to dismiss.  As CCHS notes, neither CR 41(b)(1) nor any other rule requires parties to agree on a trial date before the plaintiff can note the case for trial.  In addition, proposing trial dates to the court is not the same as noting the case for trial.

The rule includes mandatory provisions.  Its requirements are clear and simple. Russell failed to show that she complied with the rule and failed to show that CCHS's actions prevented her from complying.  We find no abuse of discretion when a court properly applies the plain language of the rule to the undisputed facts.

Finally, we note that the rule provides for dismissal without prejudice.  Here, the order granting dismissal, presented by CCHS and signed by the judge, dismissed the action with prejudice.  Nothing in the record suggests that the judge made independent findings to support dismissing with prejudice.  Consequently, dismissing with prejudice pursuant to CR 41(1)(b) was an abuse of discretion.

Russell seeks attorney fees on appeal.  Since she does not prevail, we decline her request for fees.

We affirm the trial court's order dismissing Russell's case pursuant to CR 41(1)(b), but remand with instructions to amend the order granting dismissal so that it reflects dismissal without prejudice.

No. 40012-3-III
*Russell v. Columbia Health Sys.*


Affirmed and remanded with instructions.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Staab, A.C.J.

WE CONCUR:

_____
Pennell, J.

_____
Cooney, J.