IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MICHAEL A. SCHERMERHORN, | No. 87115-3-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| RODNEY R. MOODY, | |
| Respondent. | |

CHUNG, J. — Michael Schermerhorn hired attorney Rodney Moody to represent him in a forfeiture hearing arising from the seizure of cannabis growing equipment belonging to a cooperative of which Schermerhorn was a member. After Moody sought to withdraw as Schermerhorn's attorney, Schermerhorn filed a complaint against Moody for breach of contract, promissory estoppel, fraudulent inducement, and fraud in factum. Moody filed a motion for summary judgment to dismiss Schermerhorn's claims, which the trial court granted. Schermerhorn filed a motion for reconsideration and requested findings of fact and conclusions of law, which the court denied. On appeal, Schermerhorn challenges the trial court's denial of reconsideration. We affirm.

BACKGROUND

The background regarding the dispute that gave rise to Moody's representation of Schermerhorn is set out in our opinion on Schermerhorn's appeal of the forfeiture of

the property belonging to the cooperative.[1] In 2015, Schermerhorn, Roxanna Larson, and two other individuals created Cooperative 138 to produce medicinal cannabis[2] for their individual medical needs.[3] At that time, qualifying medical cannabis patients could participate in "collective gardens" to grow cannabis for medical use, and were not required to register. Former RCW 69.51A.085 (2011). Starting July 1, 2016, medicinal cannabis growing cooperatives became subject to new requirements, including that they register with the Washington State Liquor and Cannabis Board (LCB). LAWS OF 2015, ch. 70, §§ 26, 50.

On April 12, 2019, the Anacortes Police Department (APD) responded to a call at the site of Cooperative 138 reporting a burglary.[4] The responding officer noted the address was listed as a "medical marijuana grow operation." In addition to investigating the burglary, the police began investigating whether the cooperative had the proper licensing and requested assistance from the Washington State Patrol (WSP) in doing so.[5]

Subsequently, in July 2019, WSP detective Frank Black contacted LCB to ask whether Cooperative 138 was a licensed " 'medical grow' " cooperative. LCB reported that the address was associated with an application for a cooperative that was

---

[1] In the Matter of Forfeiture of Cannabis Grow Equipment, No. 86120-4-I, slip op. at 1-8 (Wash. Ct. App. Mar. 10, 2025) (unpublished), https://www.courts.wa.gov/opinions/pdf/861204.pdf. (Schermerhorn I).

[2] The Washington Supreme Court has noted that the use of the term "marijuana" is rooted in racism, and for this reason, the Washington legislature has enacted a law to replace the term in statutes with the term "cannabis." State v. Fraser, 199 Wn.2d 465, 469 n.1, 509 P.3d 282 (2022) ("The transition from using the scientific 'cannabis' to 'marijuana' or 'marihuana' in the early 20th century stems from anti-Mexican, and other racist and anti-immigrant, sentiments and efforts to demonize cannabis."). Thus, we use the term "cannabis" in this opinion, unless quoting another source.

[3] Schermerhorn I, No. 86120-4-I, slip op. at 1. The cooperative members—Schermerhorn, Roxanne Larson, Jennifer Olds, and Michelle Larson—each maintained an individual "Washington State Medical Marijuana Authorization," which allowed each to grow up to 15 cannabis plants.

[4] Id. at 2.

[5] Id.

withdrawn and that "the location and people identified do not hold a valid [cannabis] license or cooperative registration at this time."[6]

On September 3, 2019, Black sought a search warrant of the cooperative's property, which the Skagit County district court issued. The search warrant allowed a search for evidence of suspected illegal manufacturing of a controlled substance, money laundering, and false insurance claims and to seize "[d]evices utilized to grow marijuana," all cannabis plants, "[p]araphernalia used for manufacturing, packaging, sale and use of marijuana," and pertinent documents. The Skagit County Interlocal Drug Enforcement Unit (the Unit) took custody of the grow equipment and notified Schermerhorn and Larson of the seizure and intended forfeiture.[7] Schermerhorn and Larson objected to the intended forfeiture and requested a hearing on the matter.[8]

In August 2021, Schermerhorn signed a client agreement employing Rodney Moody to represent him at the forfeiture hearing. Larson was not named in the agreement and did not sign it, but she wrote a check to Moody for $5,000 for "legal fees," and $3,000 for "Schermerhorn/Larson trust acct dep.," which Moody deposited.

The Unit filed a motion for summary judgment, and in March 2021, Moody filed a response on behalf of Schermerhorn and Larson.[9] In February 2023, after the Skagit County prosecutor informed Moody that Schermerhorn had separately filed documents

---

[6] LCB had previously sent Schermerhorn a notice that the location of Cooperative 138 did not comply with WAC 314-55-410 because it was within one mile of a licensed recreational cannabis facility and none of the cooperative members lived at the address. WAC 314-55-410 regulates the formation and qualification of cooperatives created "to share responsibility for growing and processing cannabis only for the medical use of the members of the cooperative." In particular, to be licensed the cooperative "may not be located within a one mile radius of a cannabis retailer," and it "must be located at the domicile of one of the cooperative members." WAC 314-55-410(1)(i),(j). LCB later withdrew Cooperative 138's application to register for "being a non-compliant location." Schermerhorn I, 86120-4-I, slip op. at 2.

[7] Id. at 3-4.

[8] Id. at 4.

[9] The Unit's motion for summary judgment is not in the record.

in the forfeiture case, Moody asked Schermerhorn if he wanted Moody to withdraw as his counsel, but Schermerhorn did not respond. On February 13, 2023, Moody again contacted Schermerhorn and explained that Schermerhorn's filing of documents "creates a conflict between myself as your attorney and you as my client. This conflict is not acceptable, and I now have no choice but to withdraw as your attorney." Moody then filed a notice of intent to withdraw.[10] Subsequently, a hearing examiner granted the Unit's motion for summary judgment and ordered forfeiture of the cooperative's cannabis growing equipment.[11] On appeal to this court, we affirmed the hearing examiner's order.[12]

On December 19, 2023, Schermerhorn filed a complaint against Moody alleging breach of contract, promissory estoppel, fraudulent inducement, and fraud in factum. In February 2024, Moody filed a memorandum and a declaration in support of a motion to dismiss on summary judgment. On April 18, 2024, after a hearing, the trial court granted summary judgment in favor of Moody dismissing all of Schermerhorn's claims.

On June 18, 2024, Schermerhorn filed a motion for reconsideration pursuant to CR 59 and requested findings of fact and conclusions of law. He subsequently filed two "supplements" to his motion providing additional information. On August 5, 2024, the trial court denied Schermerhorn's motion for reconsideration and affirmed its grant of summary judgment. This appeal followed.

---

[10] The notice was unsigned and not dated.
[11] The record does not include the hearing examiner's order or a transcript of the hearing.
[12] Schermerhorn I, No. 86120-4-I, slip op. at 6-8.

4

## DISCUSSION

A notice of appeal must "designate the decision or part of decision which the party wants reviewed." RAP 5.3(a)(3). Schermerhorn's notice of appeal does not mention or include the trial court's April 18 order granting summary judgment; rather, it states that he seeks review only of the "Order Denying Motion for Reconsideration entered on August 6, 2024 by Patrick M. Hayden, Judge Pro Tem."[13]

Moreover, though Schermerhorn's assignments of error in his briefing mention that "[his] complaint was again dismissed" in a hearing on April 18, 2024, he does not assign error to the trial court's order granting summary judgment. On appeal, the appellant must include "[a] separate concise statement of each error a party contends was made by the trial court, together with the issues pertaining to the assignments of error." RAP 10.3(a)(4). When a party does not assign error to a trial court order and fails to address an issue in their briefing, we will not consider the merits of the issue. State v. Olson, 126 Wn.2d 315, 321, 893 P.2d 629 (1995). We hold self-represented litigants to the same standard as attorneys. Winter v. Dep't of Soc. & Health Servs. on behalf of Winter, 12 Wn. App. 2d 815, 844, 460 P.3d 667 (2020). As Schermerhorn fails to assign error to the order granting summary judgment, we decline to consider any challenge to it.[14]

---

[13] Schermerhorn did not properly designate the trial court's August 5 order denying reconsideration in the appellate record. See RAP 9.6(a). However, it was attached to his notice of appeal.

[14] Schermerhorn also fails to provide an adequate appellate record allowing our review of the order granting summary judgment. The record on appeal includes only Moody's summary judgment briefing and declaration in support, but does not include Schermerhorn's summary judgment briefing or any competent evidence establishing that there is a genuine issue of material fact. As the party responding to a motion for summary judgment, Schermerhorn is not permitted to "rest upon the mere allegations or denials of a pleading." CR 56(e). Rather, the party should respond by a sworn affidavit or declaration that "set[s] forth specific facts showing that there is a genuine issue for trial." Id. Here, the appellate record lacks any sworn affidavit or declaration from Schermerhorn or any source that demonstrates a genuine issue of material fact existed regarding his claims against Moody.

We review a trial court's denial of a motion for reconsideration for an abuse of discretion. Dynamic Res., Inc. v. Dep't of Revenue, 21 Wn. App. 2d 814, 824, 508 P.3d 680 (2022). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or reasons. Id.

Under CR 59(a), a court may grant a motion for reconsideration for "any one of the following causes materially affecting the [moving party's] substantial rights": (1) irregularity in the proceedings, (2) misconduct by the prevailing party or jury, (3) accident or surprise, (4) newly discovered evidence, (5) excessive damages, (6) error in assessing the amount of recovery, (7) lack of evidence or reasonable inference to justify the decision or the decision is contrary to law, (8) an error in law occurred a trial, or (9) substantial justice was not done.

Schermerhorn does not provide any argument as to which, if any, of the nine bases for reconsideration under CR 59(a) existed here. Schermerhorn's June 18, July 17, and August 8 filings in support of his motion for reconsideration fail to identify such a basis.[15] And his appellate briefing is similarly lacking. On appeal, Schermerhorn argues that Moody failed to compel the opposing party to produce evidence; failed to defend his and his companions rights to use medical cannabis; allowed the opposing party to improperly substitute the record; lacked due diligence in investigating his claim against the LCB, failed to verify that Cooperative 138's insurance was canceled; failed to

---

[15] Schermerhorn's June 18 motion for reconsideration largely restates his factual allegations against Moody and argues only that "A Pro Tem Jurist granted such Motion (summary judgment) without reading the file and at the same time went beyond his Jurisdiction to strike hearings scheduled for the following day on matters that were not directly tied to the within case." Schermerhorn's July 17 supplement to his motion for reconsideration states that he "uncovered more old files" that support his claim that Moody was acting against his interests by failing to explore WSP and LCB's investigations into his cooperative and concludes that "[t]he only question here is whether or not this Court actually grants ongoing imprimatur to all of this abuse." And Schermerhorn's second supplement on August 8 merely states additional alleged facts and information about his claims.

6

contact other members of Cooperative 138; and failed to timely file documents and fraudulently collected his payments.

The appellant has the burden to provide argument on the relevant issues including citations to legal authority and references to the record, RAP 10.3(a)(6), to provide a record for the appellate court to review, including the designation of clerk's papers, RAP 9.6(a), and the verbatim report of proceedings, RAP 9.5(a). See also View Ridge Estates Homeowners Ass'n v. Guetter, 30 Wn. App. 2d 612, 637, 546 P.3d 463 (2024) (explaining that the party seeking review has the burden of perfecting the record), review denied sub nom., 3 Wn.3d 1016, 554 P.3d 1225 (2024). Here, Schermerhorn has not provided argument, citations to legal authority, or references to the appellate record demonstrating how the trial court abused its discretion by denying his motion for reconsideration of its grant of summary judgment.

Affirmed.

_____
Chung, J.

WE CONCUR:

_____
Feldman, J.

_____
Díaz, J.