**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| MOUNTAIN HI, LLC, | No. 88792-1-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| WASHINGTON STATE LIQUOR AND CANNABIS BOARD, | |
| Respondent. | |

FELDMAN, J. — Mountain Hi, LLC appeals the superior court's order denying its administrative appeal. Mountain Hi assigns error solely to ten of the superior court's findings, but "[w]e review only the board's decision, not . . . the superior court's ruling." *Marcum v. Dep't of Soc. and Health Servs.*, 172 Wn. App. 546, 559, 290 P.3d 1045 (2012). Consequently, Mountain Hi's claims of superior court error are not properly before us. And to the extent that Mountain Hi asserts cognizable arguments under Washington's Administrative Procedure Act (APA), chapter 34.05 RCW, those arguments lack merit. We affirm.

I

Mountain Hi is a cannabis producer/processor and is required by RCW 69.50.348 to submit samples of its products for quality assurance testing by independent, third-party testing laboratories. CP 376. In April 2024, Mountain Hi

submitted several samples of cannabis products for testing. CP 218. Three of the samples tested positive for benzene, which is considered a Class 1 solvent because it poses a significant risk to human health. CP 218-19, 224-25, 230-231, 258, 261, 266-67, 411. Mountain Hi reported the results to the Washington State Liquor and Cannabis Board (WSLCB) and requested permission to remediate the samples and remove the excess benzene, but WSLCB denied this request based on its policy, memorialized in an internal spreadsheet, of disallowing benzene remediation. CP 212-213, 215, 248-50, 252, 288-91. WSLCB then issued an administrative hold for the failed cannabis samples and later seized the cannabis product from which the failed samples were taken. CP 213, 238, 241-44.

Mountain Hi requested a hearing regarding this seizure, and the matter was forwarded to the Washington State Office of Administrative Hearings. CP 376, 410. Mountain Hi and WSLCB then filed cross-motions for summary judgment. CP 376, 201, 279. Mountain Hi argued WSLCB lacked authority to disallow benzene remediation because its internal spreadsheet was not a properly promulgated rule. CP 285. Additionally, Mountain Hi argued WSLCB's ban on benzene remediation was arbitrary and capricious because the remediation process was "safe and easy." CP 285. The administrative law judge (ALJ) granted Mountain Hi's motion for summary judgment and entered an Initial Order finding that WSLCB's policy of disallowing benzene remediation was a legislative rule, that WSLCB had not engaged in formal rulemaking to implement this policy, and that WSLCB's refusal to allow benzene remediation was therefore invalid. CP 379.

WSLCB filed a petition for review seeking reversal of the ALJ's Initial Order by the three-member administrative board (referred to herein as the "Board") established under RCW 66.08.012 to review such decisions. CP 386. The Board ultimately reversed the ALJ's Initial Order and entered a Final Order granting WSLCB's motion for summary judgment and concluding that WSLCB "is entitled to discretion in determining when to permit remediation of failed cannabis samples." CP 410-15. Mountain Hi then petitioned the superior court for judicial review of the Board's Final Order. CP 437. The superior court denied Mountain Hi's petition and affirmed the Final Order. CP 1. This timely appeal followed.

II

As noted above, Mountain Hi's claims of superior court error are not properly before us. And to the extent we exercise discretion to reach Mountain Hi's arguments, the arguments lack merit. We address these issues in turn.

A

RAP 10.3(h) states that "the brief of an appellant or respondent who is challenging an administrative adjudicative order under chapter 34.05 RCW shall set forth a separate concise statement of each error which a party contends was made by *the agency issuing the order*, together with the issues pertaining to each assignment of error." (Emphasis added.) Controlling case law similarly holds that in reviewing a superior court's final order on review of an administrative board's decision, "[w]e review only the board's decision, not the ALJ's decision or the superior court's ruling." *Marcum*, 172 Wn. App. at 559. "As we conduct our review, we sit in the same position as the superior court, applying the RCW 34.05.570

standard directly to the agency record." *Teamsters Local Union No. 117 v. Dep't of Corr.*, 179 Wn. App. 110, 118, 317 P.3d 511 (2014).

Contrary to RAP 10.3(h) and controlling case law, the assignments of error and corresponding arguments in Mountain Hi's opening brief focus exclusively on the superior court's decision rather than the Board's Final Order. App. Br. at 1-4, 7-23. Faced with a similarly misdirected argument, Division Two of this court concluded: "Because we do not review superior court appellate decisions in administrative appeals, and instead review only the administrative record, *see Postema v. Pollution Control Hearings Bd.,* 142 Wash.2d 68, 77, 11 P.3d 726 (2000), the Teamsters' claim of superior court error is not properly before us." *Teamsters Local Union No. 117*, 179 Wn. App. at 117 n.5. Here too, Mountain Hi's claim of superior court error is not properly before us.

Ignoring RAP 10.3(h), Mountain Hi asserts in its reply brief that WSLCB's argument regarding this issue is "audacious" and that the arguments in its opening brief "clearly and succinctly link not only to the superior court's decision but back to the original WSLCB Appeal Board's finding overturning the ALJ." App. Reply Br. at 9. That assertion is incorrect. Contrary to Mountain Hi's contention, its briefing is wholly untethered to the Board's Final Order and can only be read as an attack on the superior court's treatment of its arguments (App. Br. at 7, 10), the superior court's findings of fact (App. Br. at 1-2, 7, 10, 12-13), and the superior court's impartiality and asserted lack of diligence (App. Br. at 20). Applying the foregoing authorities, none of these arguments are properly before us.[1]

---

[1] In addition to attacking the superior court's findings and analysis, Mountain Hi also asserts a violation of "separation of powers." App. Br. at 23. Mountain Hi offers no substantive argument or

B

Notwithstanding our holding above, we recognize that RAP 1.2(a) favors resolution of cases on the merits.[2] Applying this rule, our Supreme Court has held:

> In a case where the nature of the appeal is clear and the relevant issues are argued in the body of the brief and citations are supplied so that the Court is not greatly inconvenienced and the respondent is not prejudiced, there is no compelling reason for the appellate court not to exercise its discretion to consider the merits of the case or issue.

*State v. Olson*, 126 Wn.2d 315, 323, 893 P.2d 629 (1995). Consistent with *Olson*, we have reviewed Mountain Hi's appellate briefs to determine whether we can identify and properly address any "relevant issues" notwithstanding its failure to comply with the Rules of Appellate Procedure.

In performing this review, we are mindful that judicial review of administrative action is governed exclusively by the APA. RCW 34.05.510; *Headworks Hand Crafted Ales, Inc. v. Liquor and Cannabis Bd.*, 29 Wn. App. 2d 460, 468, 540 P.3d 863 (2024). "Under the APA, there are three categories of judicial review: (1) 'Review of rules[,]' RCW 34.05.570(2); (2) 'Review of agency orders in adjudicative proceedings[,]' RCW 34.05.570(3); and (3) 'Review of other agency action[,]' RCW 34.05.570(4)." *Children's Hosp. and Med. Ctr. v. Dep't of Health*, 95 Wn. App. 858, 863 n.11, 975 P.2d 567 (1999). As to each such category, "[t]he burden of demonstrating the invalidity of agency action is on the

---

authority supporting its claim that the superior court "engages in preemption and violates separation of powers." App. Br. at 23; App. Reply Br. at 20. Because "naked castings into the constitutional seas are not sufficient to command judicial consideration and discussion," *O.M.A. Constr., Inc., v. Lab. & Indus.*, 30 Wn. App. 2d 893, 914, 550 P.3d 509 (2024), we do not address this assertion.

[2] RAP 1.2(a) provides: "These rules will be liberally interpreted to promote justice and facilitate the decision of cases on the merits. Cases and issues will not be determined on the basis of compliance or noncompliance with these rules except in compelling circumstances where justice demands, subject to the restrictions in rule 18.8(b)."

party asserting invalidity." RCW 34.05.570(1)(a). To the extent Mountain Hi asserts cognizable arguments under the APA, it has not satisfied this burden with regard to any of the categories for judicial review.

Starting with RCW 34.05.570(2), which governs review of rules, Mountain Hi broadly argues WSLCB's internal spreadsheet, which disallows benzene remediation, is a "legislative rule" and should be declared invalid because it was "adopted without compliance with statutory rule-making procedures." RCW 34.05.570(2)(c); App. Br. at 10, 16-19. The court addressed a similar argument in *NW Pulp & Paper Assoc. v. Dep't of Ecology*, 20 Wn. App. 2d 533, 500 P.3d 231 (2021). There, the Department of Ecology added "Section 4.5" to its Water Quality Program Permit Writer's Manual allowing the use of different methods to test for certain chemicals in surface waters. *Id.* at 535. Northwest Pulp & Paper sought to invalidate Section 4.5 under RCW 34.05.570(2)(c), arguing the agency had not complied with statutory rule-making procedures. *Id.* The court rejected the argument; it concluded Section 4.5 was not a rule under the APA because it was "intended to *guide* use of the more sensitive testing methods in permitting," had "no legally enforceable regulatory effect," and could not be used to penalize anyone for violating the Manual. *Id.* at 549. In *Sudar v. Fish & Wildlife Comm'n*, 187 Wn. App. 22, 31-32, 347 P.3d 1090 (2015), the court similarly concluded that an agency document was not a rule under the APA because it had "no legally enforceable regulatory effect on fishers" and was "written to guide agency staff."

Likewise, the record before the Board establishes that WSLCB's internal spreadsheet was created as "guidance for enforcement officers and chemists in

order to facilitate the administration and enforcement of cannabis quality assurance testing." CP 248. Contrary to Mountain Hi's assertions, App. Br. at 19, the spreadsheet did not alter licensing requirements or cannabis product standards for distribution or sale. It merely provided WSLCB staff with guidance in exercising their discretion under WAC 314-55-102(6)(c) regarding whether to permit remediation of a specific failed cannabis sample. Like the agency documents in *NW Pulp & Paper* and *Sudar*, WSLCB's spreadsheet lacks any "legally enforceable regulatory effect" and does not subject cannabis producers or processors to sanctions if violated. Accordingly, even if we ignore Mountain Hi's failure to comply with RAP 10.3(h), it has not established that the internal spreadsheet should be declared invalid under RCW 34.05.570(2).

Turning to RCW 34.05.570(3), which governs review of agency orders in adjudicative proceedings, Mountain High asserts that WSLCB has misinterpreted WAC 314-55-102(6)(c). That rule provides that "[r]emediation may occur after the first failure, depending on the failure." According to Mountain Hi, the phrase "remediation may occur" permits benzene remediation at the discretion of the cannabis producer/processor. App. Br. at 18; App. Reply Br. at 12. WSLCB, in contrast, has interpreted WAC 314-55-102(6)(c) to allow the agency (not the cannabis producer/processor) discretion regarding whether to permit remediation of certain substances while explicitly eliminating such discretion for pesticides and heavy metals. Resp. Br. at 19-24; CP 207-09; *See* WAC 314-55-102(6)(a)-(c). Mountain Hi's contrary argument evokes RCW 34.05.570(3)(d), which authorizes

a court to "grant relief from an agency order in an adjudicative proceeding . . . if it determines that . . . [t]he agency has erroneously interpreted or applied the law."

Mountain Hi's argument fails for two reasons. First, it fails to cite RCW 34.05.570(3)(d) even though the Board's Final Order was issued in an adjudicative proceeding.[3] Consequently, the argument is waived. And second, its argument wrongly ignores the portion of WAC 314-55-102(6)(c) that states "depending on the failure" and thus authorizes WSLCB to exercise discretion in determining what substances may be remediated. *See Yaron v. Conley*, 17 Wn. App. 2d 815, 825, 488 P.3d 855 (2021) ("we interpret administrative rules and regulations 'as a whole, giving effect to all the language and harmonizing all provisions'") (quoting *Cannon v. Dep't of Licensing*, 147 Wn.2d 41, 57, 50 P.3d 627 (2002)). WSLCB's interpretation, in contrast, properly gives effect to all the language of WAC 314-55-102(6)(c), "reflects a plausible construction of the regulation," *State v. Numrich*, 197 Wn.2d 1, 18-19, 480 P.3d 376 (2021), and is in harmony with the entire regulatory scheme of 314-55 WAC. Additionally, we accord "substantial weight" to this interpretation. *Id*. Mountain Hi has not established an entitlement to relief under RCW 34.05.570(3).

Lastly, under RCW 34.05.570(4), a court may grant relief regarding "other agency action . . . not reviewable under subsection (2) or (3)" if it "determines that the action is: (i) [u]nconstitutional; (ii) [o]utside the statutory authority of the agency

---

[3] Nor does Mountain Hi cite RCW 34.05.570(3)(e) and (i), which authorize courts to grant relief from agency orders in adjudicative proceedings if "[t]he order is not supported by evidence that is substantial when viewed in light of the whole record before the court" or "[t]he order is arbitrary or capricious," respectively. Any such argument would in any event fail for the reasons set forth in our discussion of RCW 34.05.570(4) below.

or the authority conferred by a provision of law; (iii) [a]rbitrary or capricious; or (iv) [t]aken by persons who were not properly constituted as agency officials lawfully entitled to take such action." The closest Mountain Hi comes to asserting an argument under RCW 34.05.570(4) is its repeated insistence that WSLCB's policy of disallowing benzene remediation is arbitrary and capricious. "Our scope of review under the arbitrary and capricious standard 'is very narrow' and 'highly deferential' to the agency, and the party challenging an agency decision must overcome a high burden." *Seasons Hospice & Palliative Care of Snohomish County v. Dep't of Health*, 28 Wn. App. 2d 842, 853, 538 P.3d 965 (2023) (quoting *Alpha Kappa Lambda Fraternity v. Wash. State Univ.*, 152 Wn. App. 401, 418-22, 216 P.3d 451 (2009)). Agency action is arbitrary and capricious if it is "willful and unreasoning and taken without regard to the attending facts or circumstances." *Wash. Indep. Tel. Ass'n v. Utils. & Transp. Comm'n*, 148 Wn.2d 887, 905, 64 P.3d 606 (2003). "'[W]here there is room for two opinions, an action taken after due consideration is not arbitrary and capricious even though a reviewing court may believe it to be erroneous.'" *Id.* (quoting *Rios v. Dep't of Lab. and Indus.*, 145 Wn.2d 483, 501, 39 P.3d 961 (2002)).

Assuming without deciding that WSLCB's policy of disallowing benzene remediation is "other agency action . . . not reviewable under subsection (2) or (3)," Mountain Hi has not established it is arbitrary or capricious. The Board found that "benzene poses a significant risk to human health" and "should not be used in the manufacture of drug substances because of their unacceptable toxicity or their deleterious environmental effects." CP 411 (FF 7). Mountain Hi does not assign

error to this finding, so it is a verity on appeal. *Seven Hills, LLC v. Chelan County*, 198 Wn.2d 371, 384, 495 P.3d 778 (2021). The record also supports the finding. CP 258, 261, 266-67. Accordingly, cannabis samples containing more than 2.0 ppm of benzene fail quality control testing. WAC 314-55-102(3)(f). Kari Trumbull, WSLCB's lead chemist, provided a sworn declaration in the administrative action below explaining the rationale behind WSLCB's policy of disallowing remediation when cannabis samples contain more than 2.0 ppm of benzene: "Because of the toxicity of [benzene]," WSLCB "developed a practice of not allowing failures for [benzene] to be remediated and retested" as "the risk they pose to human health is too great to permit a sample that initially tested above the detection limit to be remediated and put into the market for human consumption." CP 248.

Mountain Hi's three cannabis samples that tested positive for benzene contained 3.7 ppm, 4.2 ppm, and 10 ppm of benzene. CP 218-19, 224-25, 230-31. Given the evidence before the Board regarding the significant risk to public health and safety posed by cannabis products containing more than 2 ppm of benzene, we cannot conclude that WSLCB's policy is "willful and unreasoning and taken without regard to the attending facts or circumstances." *See Wash. Indep. Tel. Ass'n*, 148 Wn.2d at 905. Mountain Hi disagrees and has presented evidence and argument to the ALJ and the Board that benzene remediation is "safe and easy." CP 285. But agency action is not arbitrary or capricious merely because, as here, there is arguably room for two opinions. *See Wash. Indep. Tel. Ass'n*,

148 Wn.2d at 905. Mountain Hi has not established an entitlement to relief under RCW 34.05.570(4).[4]

III

We affirm the Board's Final Order granting WSLCB's motion for summary judgment.

Feldman, J.

WE CONCUR:

Bui, J.

Díaz, J.

---

[4] In its brief of respondent, WSLCB identifies and then purports to refute various arguments that Mountain Hi asserted before the ALJ and the Board. Mountain Hi echoes some of these arguments in its reply brief. As noted in the text above, we limit our review to those arguments that may properly be raised under the APA, which governs our review of administrative action.